**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GIN MEL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ILLINOIS UNION INSURANCE COMPANY *et al.*, <br><br> Defendants. | Civil Action No. 21-11231 (MAS) (TJB) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Gin Mel, LLC's ("Gin Mel") Motion to Remand. (ECF No. 3.) Illinois Union Insurance Company ("Illinois Union") opposed the motion (ECF No. 4), and Gin Mel did not reply. The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court denies Gin Mel's Motion.

**I.     BACKGROUND**

This action arises out of an alleged March 2019 assault and bar fight at the Old Causeway Steak & Oyster House (the "Restaurant") in Manahawkin, New Jersey. (*See generally* Compl., ECF No. 1.) Gin Mel operated the Restaurant where the alleged assault occurred. (*Id.* ¶ 1.) Cody Schmutz ("Schmutz"), a patron of the Restaurant, claims that in March 2019, Richard Tieto ("Tieto"), another patron, hit Schmutz in the face with a drinking glass before punching him. (*Id.* ¶ 10.) Schmutz sued Tieto, Gin Mel, and others in state court, arguing that he was a business invitee at the time of the assault and that Gin Mel was negligent and careless in allowing the incident to

occur. (*Id.* ¶¶ 8-9; Compl., Ex. B ("Schmutz Compl."), ¶¶ 7-11.) Specifically, Schmutz claims that Gin Mel was negligent because it failed to provide adequate protection or a safe environment for him, and because it allowed an unruly and violent person to remain on the premises. (Schmutz Compl. ¶ 18.)

Before the assault, Illinois Union issued a liquor liability policy to Gin Mel that provides coverage for "injury . . . if liability for such 'injury' is imposed on the insured by reason of the selling, serving, or furnishing of any alcoholic beverage." (Compl. ¶¶ 5-7; Compl. Ex. A ("Liquor Liability Coverage Form"), at 1.) After Schmutz initiated the state court action, Gin Mel demanded that Illinois Union provide coverage under this policy. (Compl. ¶ 11.) Illinois Union refused, stating that Schmutz's state court claims failed to "allege that [his] injuries occurred as a direct result of the selling, serving, or furnishing of alcoholic beverages." (*Id.*) Gin Mel disagreed with Illinois Union's explanation, rebutting that Schmutz unambiguously expressed in state court filings that he "believe[d] that the employees of [Gin Mel] allowed [his assailant] to become drunk and to remain [at the Restaurant] after becoming drunk." (*Id.* ¶ 12; Compl. Ex. D.) With Schmutz's filing as support, Gin Mel requested that Illinois Union reconsider its coverage denial. (Compl. ¶ 13.) Illinois Union did not respond. (*Id.* ¶ 14.)

Gin Mel then sued Illinois Union in the Superior Court of New Jersey, and Illinois Union subsequently removed the case to federal court, invoking the Court's diversity jurisdiction. (ECF No. 1.) After the Court inquired into the parties' citizenship to establish complete diversity (Order to Show Cause, ECF No. 7), Gin Mel provided that its LLC members are citizens of New Jersey and that Illinois Union is incorporated and headquartered in Illinois, (*see* Notice of Removal ¶¶ 6-7, ECF No. 1; Waldman Correspondence, ECF No. 8). Illinois Union claims that the amount in

controversy exceeds $75,000. (*See* Notice of Removal ¶ 9.) Gin Mel now moves the Court to remand the case back to state court. (ECF No. 3.)

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant in a state court civil action may remove the case to federal court if the federal court had jurisdiction to originally hear the case. *See* 28 U.S.C. § 1441(a). Diversity jurisdiction exists "over all civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states." *Hayden Asset VI, LLC v. Silvio Desouza, LLC*, No. 13-3915, 2014 WL 1056498, at *2 (D.N.J. Feb. 25, 2014) (citing 28 U.S.C. § 1332(a)(1)). "An action can be removed on the basis of diversity jurisdiction only 'if there is a complete diversity between all named plaintiffs and defendants, and no defendant is a citizen of the forum State.'" *Id.* (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005)).

The removing party bears the burden of demonstrating that the federal court has subject matter jurisdiction over the action. *See Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007); *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Accordingly, on a motion to remand, the burden of demonstrating a proper basis for removal remains with the removing party. *See Carroll v. United Air Lines*, 7 F. Supp. 2d 516, 519 (D.N.J. 1998). Removal statutes are strictly construed, and remand is favored when doubt exists as to the propriety of removal. *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985).

## III.   DISCUSSION

At issue here is whether Illinois Union properly removed this matter to federal court. Gin Mel argues that remand is required for three reasons, two of which involve the Court's diversity jurisdiction. (Pl.'s Moving Br. 3-7, ECF No. 3-3.) First, Gin Mel claims that because this is a "direct action," Illinois Union is deemed a citizen of New Jersey, not Illinois. (*Id.* at 5.) Second, because Defendants Tieto and Schmutz are New Jersey citizens, Gin Mel contends that there is no

3

complete diversity of citizenship while they remain parties. (*Id.* at 3-5.) Under either theory, Gin Mel avers that because no federal question is present in this case, remand is required. (*Id.*) Third, Gin Mel claims that judicial economy warrants remand. (*Id.* at 6-7.)

The Court begins with Gin Mel's argument that the Court does not have diversity jurisdiction. The Court looks to 28 U.S.C. § 1332(c)(1)(A), which states in relevant part:

> [A] corporation shall be deemed . . . a citizen of every State [where it is] incorporated and of the State . . . where it has its principal place of business, except that in any direct action against [an insurance company] . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of every State . . . of which the insured is a citizen[.]

28 U.S.C. § 1332(c)(1)(A). A "direct action" is defined as a "lawsuit by a person claiming against an insured but suing the insurer directly instead of pursuing compensation indirectly through the insured." *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 143 n.2 (2009). The U.S. Court of Appeals for the Third Circuit has further clarified that direct actions do not include "suits by an insured against his or her own insurer." *Brooks-McCollum v. State Farm Ins. Co.*, 321 F. App'x 205, 208 (3d Cir. 2009) (citing *McGlinchey v. Hartford Accident & Indem. Co.*, 886 F.2d 651, 653 (3d Cir. 1989)). Here, because Gin Mel is suing its own insurance company to enforce a policy, established precedent in this District instructs that the "direct action" exception does not apply. *See Carevel, LLC v. Aspen Am. Ins. Co.*, No. 13-7581, 2014 WL 1922826, at *3 (D.N.J. May 14, 2014) ("[This] is a straightforward case by an insured against its own insurer, a category of cases which the Third Circuit has explicitly held is not a 'direct action' for purposes of 28 U.S.C. § 1332(c)." (citing *Brooks-McCollum*, 321 F. App'x at 208)); *see also Walborn v. Szu*, No. 08-6178, 2009 WL 983854, at *4 (D.N.J. Apr. 7, 2009) ("[The direct action] provision is best read as eliminating diversity jurisdiction only in tort cases where an injured party brings suit against the alleged tortfeasor's insurer without joining the tortfeasor as a defendant." (citing *Myers v. State Farm Ins. Co.*, 842

F.2d 705, 707 (3d Cir. 1988))); *McGlinchey*, 886 F.2d at 652-53 (holding that the suit was not a direct action because it involved an insured suing his own insurance carrier to enforce a policy).

The Court also rejects Gin Mel's second argument. "[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991) (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980)). A nominal party is one who is "neither necessary nor indispensable to join in the action." *Am. Asset Fin., LLC v. Corea Firm*, 821 F. Supp. 2d 698, 700 (D.N.J. 2011) (quoting *Mallalieu-Golder Ins. Agency, Inc. v. Exec. Risk Indem., Inc.*, 254 F. Supp. 2d 521, 524-25 (M.D. Pa. 2003)). By contrast, "a party who will be liable on an adverse judgment is not a nominal party." *Twp. of Neptune v. Garden State Mun. Joint Ins. Fund*, No. 18-16448, 2019 WL 4687004, at *2 (D.N.J. Sept. 26, 2019). Here, the Court finds that Tieto and Schmutz are nominal parties. To start, Gin Mel characterizes them as "nominal defendant[s] in this litigation pursuant to the Declaratory Judgment Act." (Compl. ¶¶ 2-3.) Further, Gin Mel and Illinois Union do not assert any claims against Tieto or Schmutz in this action. (*See generally* Compl.) Although the core of this case stems from the same set of operative facts as the parallel tort suit in state court, the matter before this Court involves the terms and coverage of Gin Mel's liquor liability insurance policy. (*See generally id.*) Under both the terms of the insurance policy and New Jersey law, Schmutz and Tieto do not have a legal interest in this action. (Liquor Liability Coverage Form, at 4 ("No person . . . has a right under this [c]overage [p]art . . . [t]o join us as a party or otherwise bring us into a 'suit' asking for damages from an insured.")); *Ross v. Lowitz*, 120 A.3d 178, 189 (N.J. 2015) ("As a general rule, an individual or entity that is 'a stranger to an insurance policy has no right to recover the policy proceeds.'"). Thus, because Gin Mel and Illinois Union are the only

real parties of interest in this suit, the Court has diversity jurisdiction.[1] *Mallalieu-Golder Ins. Agency, Inc.*, 254 F. Supp. 2d at 525 (disregarding the citizenship of a party in determining diversity jurisdiction where that party was joined under state declaratory judgment law but did not have independent claims against insurer).

Finally, the Court rejects Gin Mel's remaining argument. (*See* Pl.'s Moving Br. 6.) Diversity jurisdiction is not discretionary; thus, judicial economy is irrelevant. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 356 (1988) ("The court had diversity jurisdiction over the case, which is not discretionary.").

### IV. CONCLUSION

The Court denies Gin Mel's Motion to Remand. It will issue an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[1] Gin Mel also argues that the Court does not have subject matter jurisdiction because there is no federal question at issue. (Pl.'s Moving Br. 6.) But because the Court finds complete diversity and the amount in controversy exceeds $75,000, jurisdiction is established irrespective of whether the matter presents a federal question. *See* 28 U.S.C. § 1332.